*Radcliff, J.
In the record of the conviction, the lessor is called Joshua De St. Croix. It is proved on the part of the plaintiff, that his real name of baptism is Joshua Temple De St. Croix, and it is therefore insisted that *269 he cannot legally be intended to be the person convicted. The defendants offered proof that he was known by the one name as well as the other; which was objected to by the plaintiff, but admitted by the judge.
The lessor, in the commissioners’ deed, is named Joshua T. De St. Croix, and the deed is therefore contended to be at variance with the record of the conviction, and not to be considered as founded on it. But if the variance in the record were fatal, it certainly ought not to be held so in the deed, which is a matter in pais, and therefore not subject to the strict rules of legal proceedings. It there appears not as evidence of the person convicted, but as part of the description of the premises intended to be conveyed. This intent, if rendered doubtful or obscure, by a defect or error of description, may be explained and illustrated by proof.
The question, therefore, turns on the variance in the record itself. The act under which the conviction was had, attainted a number of persons by name, and directed a new mode of proceeding to convict and attaint others for adhering to the enemies of the state. By this proceeding, a notice of the indictment was to be published by the sheriff, and if the person indicted did not appear, he was of course convicted, and adjudged to suffer the forfeiture of all his property. In this manner the lessor of the plaintiff was convicted, and his property confiscated and sold by the commissioners, under whom the defendants claim.
No doubt every attainder by statute is a high and rigorous act of sovereignty, and can only be defended by the great objects of public safety or national policy. But although highly penal, these, like other legislative acts, are to be construed according to their true intent. The *legislature in this, as in other cases, are not bound by the forms and descriptions of legal proceedings. In bills of attainder, therefore, it is held that great strictness in the name of the person is not necessary. It is sufficient, if the person intended be otherwise well described. The rule, in such cases, is, that an incomplete description may be aided by proof, but a false or repugnant description cannot. Thus, *270 in the case reported by Foster, (Fost. 80,89 ; 1 P. Wms. 612 ; 2 Wooddes, 628,) the attainder of Alexander Lord Forbes, of Pitsligo, by the name of Alexander Lord Pitsligo, was deemed to be an incomplete, but not a false description, and ■therefore held to be sufficient. The act now in question, so far as it attaints the several persons named in it, is similar to bills of attainder in England, except that its operation is more rigorous, and it does not allow the party to surrender.In other respects, it is an act sui generis, and 1 believe without precedent. Instead of repeating attainders by statute, the legislature provided a substitute by directing a general mode of proceeding against others for the offence of adhering to the enemies of the state. This substitute was evidently intended to have all the effect of statute attainders, and the proceeding under it, 1 think, ought to receive the same construction. They cannot be placed on the footing of ordinary process, at common law ; for they are professedly a departure from it, and ought, therefore, not to be tested by its rules. The act introduced a new system which was, generally, directed against all persons, and marked with circumstances of as great rigor as immediate attainders by legislative acts. It was intended to be equally conclusive and extensive in its operation; for it denied the privilege of a writ of error, and even justified the conviction of persons not in esse who had been guilty of the offence described in it. These strong measures do not admit of the application of ordinary principles and rules, and indicate a different intent. They can only be resolved into the exercise of *uncontrolied authority, and be justified only in cases of great public necessity. The intent of the legislature, 1 think, evidently was, that the persons so- convicted should to every purpose be deemed to be attainted, as if they had been named in the act; we are therefore bound to give this conviction the same effect.
This construction is also strongly enforced by the expediency of securing to purchasers the titles fairly acquired under the forfeitures consequent on such convictions. These forfeitures, and all proceedings under, them, have been fin *271 ished and executed, and it would be dangerous to suffer them lightly to be called in question. The safety of a numerous class of our citizens, and indeed the peace of the community, requires that they should be at rest.
On the whole, I am of opinion that it was properly submitted to the jury to determine whether Joshua Temple de St. Croix, and Joshua de St. Croix, named in the conviction, and Joshua T. de St. Croix, named in the deed of the commissioners, was one and the same person ; and that identity of the person was the only thing necessary to be shown.
Kent, J. In this case the lessor of the plaintiff, whose name is Joshua Temple de St. Croix, was indicted and at-tainted under the act of the 22d October, 1779, commonly called the act of attainder, for adhering to the enemies of this state, by the uarne of Joshua de St. Croix, and his estate was sold, in pursuance of the attainder.
The question now is, whether he is precluded from recovering that estate ?
In bills of attainder, great strictness in the name of the person attainted is not requisite; a misnomer, if it be repugnant to truth, as attainting a person by the name of Thomas, when his true name is Alexander, is fatal. (1 P. Wms. 612. Foster, 81. 2 Wooddes, 628.) But an incomplete ‘description of the person, as attainting one by the name of Alexander Lord Pltsligo, when his name is Alexander Lord Forbes, of Pitsligo, is not fatal, because that description, as the judges observed, in the case reported by Foster, 79, 87, though incomplete in point of form, is not repugnant to truth, and the identity of the person, is a mere matter of fact, to be tried in a collateral issue.
Bills of attainder have always been construed, in this respect, with more latitude than ordinary judicial proceedings, for the purpose of giving them more certain effect, and that the intent of the legislature may prevail. They are extraordinary acts of sovereignty, founded on public policy, (Foster, 83, 84,) and the peace of the community ; and the quiet of estates require, that purchases held under them should not be shaken. There can be no doubt, but that the rule which *272 has been suggested, is the settled rule of interpretation in respect to them.
The point, then, for consideration is, whether the conviction, in the present case, is to be tested by the rules applicable to bills of attainder, or by those applicable to the ordinary course of judicial proceeding.
From a review of the act of attainder, I am inclined to think that the convictions under it are to be considered as analogous to express convictions by bill of attainder, and to require the like construction.
The act was made for the express purpose of working a forfeiture of the estates of the persons who had adhered to the enemies of this state. This appears by its title, by its preamble, and by the strong and summary proceedings which it dictates. A number of persons are, in the first instance, attainted by name, and their estates declared to be forfeited. And then to the end that other offenders may be convicted and attainted, for the like purpose of forfeiture of their estates, it declares it to be lawful for the grand jury of any county to prefer bills of indictment against any person, whether he be then in full *iife or deceased, who had adhered to the enemies of this state, and owned any real or personal estate within this state. The sheriff of sueh county was then, upon the indictment being found, to give notice thereof, in one of the public papers of this state, for four weeks, and therein to call upon the person indicted to appear and answer, and upon his default, (and it was declared to be immaterial whether he was then in full life or deceased,) judgment was to be awarded against him, and his estate forfeited.
It was in pursuance of a proceeding of this kind, founded upon this act, that the lessor of the plaintiff, was convicted by the name of Joshua de St. Croix, and the premises in question sold.
This proceeding resembles a conviction by bill of attainder, and has no similitude to the regular and cautious process carried on according'to the course of the common law. The notice here given to the accused is analogous to the *273 time usually given in acts of attainder, for the person attainted to come in and surrender. (2 Wooddes, 625. Fost. 79.) The legislature also provided by a subsequent statute, that these convictions should not afterwards be reversed or shaken ; and this statute being in pari materia, may be considered as explanatory of the sense of the other.
By the act of 19th May, 1784, (7 sess. c. 64, s. 23,) it is declared that all forfeitures and confiscations before had against any person, on conviction of adhering to the enemies of this state, are to all intents, constructions, and purposes, ratified and confirmed, notwithstanding any error in the proceedings, or in any wise relating thereto, and all writs of error on any judgment thereon, are declared to be barred.
The conviction of the present lessor of the plaintiff must, therefore, be considered as a conviction under a special provision by statute, and as substantially the same with a conviction by attainder. The conviction cannot *be supported on any other ground; and being within the same reason, it ought to be guided by the same rules of interpretation.
My opinion, therefore, is, that a conviction of Joshua Tem- • pie de St. Croix, by the name of Joshua de St. Croix, is an incomplete description, but not a description repugnant to truth, and that whether the person convicted and the lessor of the plaintiffs were one and the same person, was a question of fact properly submitted, upon the trial, to the jury.
Lansing, Ch. J. and Lewis, J. were of the same opinion.
Judgment for the defendants.(a)

(a) [Old note.] Though a man may have two or more surnames, he can have but one name of baptism. (Disply v. Sprat, Cro. Eliz. 57. Co. Litt. 3, a. Shep. Touchst. 235. Evans v. King, Willes’ Rep. 554. Franklin v. Talmadge, 5 Johns. Rep. 84.)